UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMIE K. SANDERS, | ) | |
| DENISE J. COFFEY, | ) | |
| KARIE H. BROOKS, | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 03-CV-0452-CVE-FHM |
| | ) | |
| SOUTHWESTERN BELL TELEPHONE, | ) | |
| L.P., SOUTHWESTERN BELL TELEPHONE | ) | |
| COMPANY (OKLAHOMA), and | ) | |
| SBC COMMUNICATIONS, INC., | ) | |
| | ) | |
|     **Defendants.** | ) | |

**OPINION AND ORDER**

Defendant, Southwestern Bell Telephone, L.P. ("SWBT"), has moved the Court to dismiss co-defendants as parties to this action. SWBT informed the Court that named defendant Southwestern Bell Telephone Company (Oklahoma) is a non-entity. See Dkt. # 130, at 1 n.1. In addition, SWBT observes that plaintiffs failed to timely serve defendant SBC Communications, Inc. ("SBC"), as required by Fed. R. Civ. P. 4(c)(1). Id.

Plaintiffs filed their complaint on July 9, 2003. Dkt. # 1. Defense counsel, Kimberly Lambert Love and Mary L. Lohrke, filed an entry of appearance on behalf of all defendants on November 21, 2003. Dkt. # 5. Plaintiffs were required to serve defendants within 120 days of filing the complaint. Fed. R. Civ. P. 4(m). Summons were issued to a SWBT registered service agent and SWBT filed a return of service on November 26, 2003. Dkt. # 6. Plaintiffs have not served SBC and have not filed a motion for an extension of time in which to effect service. The Court is presented with the question of whether a party waives its right to service of process when an attorney enters an appearance on its behalf.

The Court finds that an entry of appearance does not effectuate a waiver of service. Under Fed. R. Civ. P. 12(h)(1), a defense of insufficiency of process is waived if not included in responsive pleadings. SBC has not filed any responsive pleadings. All responsive pleadings have been filed by SWBT alone. "The plain language of rule 12(h) - which states that the defense of lack of process or lack of proper service of process must be raised before the party's first 'responsive pleading' - does not support [plaintiff's] contention" that a defendant waives service of process by entering an appearance. Kiro v. Moore, 229 F.R.D. 228, 230 (D.N.M. 2005) ("The Court could not locate any authority to support the assertion that, by entering an appearance on behalf of all Defendants, it would constitute a 'responsive pleading' such that [the defense attorney] waived service as to the remaining Defendants who had not yet been served."). "Under rule 12, just as a party does not waive his right to contest personal jurisdiction or venue by having an attorney enter an appearance on their behalf, a party does not waive his right to service of process upon an attorney's entry of appearance on his behalf." Id. at 231 (citing Wright & Miller, Federal Practice & Procedure, § 1344 (2004)); see Lewellen v. Morley, 909 F.2d 1073, 1077 (7th Cir.1990) ("the filing of an 'appearance form' does not relieve plaintiff from executing proper service of process upon the defendants."). Therefore, the Court lacks personal jurisdiction over SBC due to insufficient service of process. Plaintiffs have not shown good cause for their failure to serve SBC. Accordingly, the Court dismisses this action without prejudice as to SBC.

**IT IS THEREFORE ORDERED** that defendant Southwestern Bell Telephone Company (Oklahoma) is dismissed because it is a non-entity, and defendant SBC Communications, Inc. is dismissed without prejudice.  **The remaining parties and the Clerk of the Court are directed to correct the caption and the docket sheet.**

**DATED** this 27th day of July, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT