UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMIE K. SANDERS, | ) | |
| DENISE J. COFFEY, | ) | |
| KARIE H. BROOKS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 03-CV-0452-CVE-FHM |
| | ) | |
| SOUTHWESTERN BELL TELEPHONE, | ) | |
| L.P., SOUTHWESTERN BELL TELEPHONE | ) | |
| COMPANY (OKLAHOMA), and | ) | |
| SBC COMMUNICATIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Strike Material from Summary Judgment Record (Dkt. # 130). Defendant alleges that plaintiffs' response brief includes exhibits which are unauthenticated or lack relevant information. Specifically, defendant objects to the inclusion of plaintiffs' Exhibit 39, an affidavit regarding company layoffs in Spring 2002, and plaintiffs' Exhibit 33, a 2002 production report, on the basis that it contains incorrect and misleading information. Defendant fails to cite persuasive legal authority for its objections.

"At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth but to decide whether there is a genuine issue for trial." TPLC, Inc. v. United Nat. Ins. Co., 44 F.3d 1484, 1489 (10th Cir. 1995) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The affidavit of Dan McNeely, Exhibit 39, is "made on personal knowledge, state[s] facts which would be admissible in evidence and show[s] affirmatively that affiant was competent to testify to the matters therein stated." Noblett v. General Elec. Credit Corp., 400 F.2d 442, 445 (10th Cir. 1968) (citations omitted). McNeely's affidavit, signed on April 15, 2005,

includes information about ranking methods used at Southwestern Bell Telephone, L.P. for the purpose of layoffs. Plaintiffs' Exhibit 39, therefore, satisfies the requirements for admission of an affidavit at the summary judgment stage. Fed. R. Civ. P. 56(e).

Defendant argues that plaintiffs' Exhibit 33 incorrectly credits Brooks with work which was attributable to an outside contractor. In support of its argument, defendant has submitted an alternative 2002 production report. Dkt. # 122, Ex. 15-A. Plaintiffs have attempted to authenticate Exhibit 33 through Karie Brooks' affidavit in which Brooks states that she printed the report from the company database on December 4, 2002. Dkt. # 40, Ex. B, at 2. The Court will consider both reports and related affidavits in evaluating defendant's pending motion for summary judgment (Dkt. # 81). After thorough review of the parties' pleadings and the attached exhibits, the Court finds that material need not be stricken from the summary judgment record.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Material from Summary Judgment Record (Dkt. # 130) is **denied**.

**DATED** this 9th day of August, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT