UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE K. SANDERS, an individual, ) | |
| DENISE J. COFFEY, an individual, and ) | |
| KARIE H. BROOKS, and individual, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 03-CV-0452-CVE-FHM |
| ) | |
| SOUTHWESTERN BELL TELEPHONE, ) | |
| L.P., a Texas Corporation, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Plaintiffs' Motion to Reconsider, to Amend, Alter or Modify and/or for New Trial (Dkt. ## 180, 182, 183). Plaintiffs ask the Court to reconsider its order (Dkt. # 175), filed on September 5, 2006, granting summary judgment in favor of defendant Southwestern Bell Telephone, L.P. ("SWBT") on plaintiffs claims of gender discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and fraud.

**I.**

Plaintiffs Karie Brooks ("Brooks"), Jamie Sanders ("Sanders"), and Denise Coffey ("Coffey") were all first level managers in SWBT's Oklahoma Construction and Engineering ("C&E") organization. At the time of the alleged discriminatory employment practices, they were all women over the age of forty. Sanders was hired by SWBT on January 18, 1980. She was surplussed from C&E in November 2002. Coffey was hired by SWBT on October 4, 1976 and laid off in November

2002 as part of a Reduction in Force (RIF). Brooks was hired on August 16, 1982; she, too, lost her job during a RIF.

Plaintiffs alleged that SWBT intentionally moved male co-workers to "safe" jobs where they were unaffected by the RIFs. They allege that, since they were female and over the age of forty, they were targeted for surplus or termination. By contrast, defendant argued that its employment decisions were based on performance reports, including both subjective and objective criteria. It argued that the plaintiffs were ranked below their co-workers and were terminated or surplussed as a result. Defendant maintained that other similarly situated males were also terminated or surplussed and that female employees with better employment records than plaintiffs kept their jobs.

## II.

"'The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff's motion was not filed within 10 days of the Court's judgment,[1] so the Court will treat it as a motion for relief from the judgment under Fed. R. Civ. P. 60(b), rather than a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Fed. R. Civ. P. 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated

---

[1] Fed. R. Civ. P. 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Ten business days expired on September 19, 2006. See Fed. R. Civ. P. 6(a). The motion to reconsider was filed on September 20, 2006.

2

> intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) "'is an extraordinary procedure' which 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that judge be done in light of *all* the facts.'" Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005) (citations omitted) (emphasis in original).

### III.

Plaintiffs argue that the Court has misunderstood the facts in the case and "fear that the highly disputed nature of the evidence before the Court was not made clear." Dkt. # 180, at 2. However, plaintiffs do not set forth any additional evidence that was not present at the summary judgment stage. There is no newly discovered evidence that could not have been discovered before ruling for a new trial under Fed. R. Civ. P. 59(b). Also, in this case, there is no "excusable neglect." "For purposes of Rule 60(b), excusable neglect is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence." Jennings, 394 F.3d at 856 (citations omitted). Here, the Court carefully and fully considered the voluminous summary judgment record; plaintiffs do not argue that the Court did not consider relevant facts due to either its or defendant's neglect. Plaintiffs do not argue that the judgment should be vacated due to fraud or a change in the relevant case law upon which the Court relied.

There is no "other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Even after considering plaintiffs' reassertion of facts in their motion, the Court determines that there was no genuine issue of material fact in this case. In their motion, plaintiffs provide no

reason why the Court should reconsider its previous decision.  Thus, the Court denies plaintiffs' motion to reconsider.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Reconsider, to Amend, Alter or Modify and/or for New Trial (Dkt. ## 180, 182, 183) is **denied**.

**DATED** this 26th day of September, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT