**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

JAMIE K. SANDERS,                          )
                                           )
                 **Plaintiff,**          )
                                           )
v.                                         )          **Case No. 03-CV-0452-CVE-FHM**
                                           )
SOUTHWESTERN BELL TELEPHONE,               )
L.P.,                                      )
                                           )
                **Defendant.**          )

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Reconsideration and/or Reinstatement of Wrongful Discharge <u>Burk</u> Tort Claim in Compliance with the Oklahoma Supreme Court's Kurchowski [sic] Directive (Dkt. # 208). Defendant argues that plaintiff waived her <u>Burk</u> tort claim because it was inadequately briefed on appeal, and is now precluded from reinstating her <u>Burk</u> tort based on the law of the case doctrine.

## I.

The following is a brief recitation of the relevant facts for the purposes of this motion. For a more detailed description of the underlying facts of this action, <u>see</u> Dkt. # 175. In 2003, plaintiff filed a complaint and an amended complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, <u>et</u> <u>seq</u>. (Title VII), the Age Discrimination in Employment Act (ADEA), and state law <u>Burk</u> tort claims. Dkt. ## 1, 2. On January 28, 2004, the Court dismissed plaintiff's <u>Burk</u> tort claim on the grounds that plaintiff had a federal remedy "which adequately protect[ed] the public policy Oklahoma has against . . . age discrimination." Dkt. # 14, at 3. On July 11, 2006 the Oklahoma Supreme Court issued its decision in <u>Saint v.</u>

Data Exchange, Inc., 145 P.3d 1037 (Okla. 2006).   Pursuant to Saint, "there is a Burk tort remedy for those who allege employment age discrimination."   Id. at 1039.   On September 5, 2006, the Court entered summary judgment in defendant's favor on plaintiff's ADEA claim. Dkt. # 175.   Plaintiff did not ask the Court to reconsider its dismissal of her Burk tort based on the intervening change in the law under Saint.

Plaintiff appealed the Court's rulings on defendant's motion to dismiss and motion for summary judgment (Dkt. ## 186, 187).   In her Statement of Issues Presented for Review, plaintiff argued that since the time her Burk tort claim was dismissed, the Oklahoma Supreme Court's decision in Saint "clarified the law and adopted the position [plaintiff] set out in [her] Response to the Defendants' Motion to Dismiss."[1]   Sanders v. Southwestern Bell Telephone, L.P., 2007 WL 678181, * 3 (Feb. 4, 2007) (Brief of Appellant).   Because of the intervening change in the law, plaintiff asked the Tenth Circuit to reinstate her Burk tort claims.

The Tenth Circuit reversed and remanded plaintiff's ADEA claim.   Sanders v. Southwestern Bell Telephone, L.P., 544 F.3d 1101 (10th Cir. 2008).   However, the Tenth Circuit held that, while not explicitly abandoned, plaintiff's Burk tort claim was "waived due to

_____

[1]      Defendant references plaintiff's brief on appeal, but neither party provides a citation or a copy of the brief.   Nonetheless, the Court has obtained a copy of plaintiff's brief and reviewed the portions relevant for the purposes of this motion.

inadequate briefing on appeal." <u>Id.</u> at 1104 n.3.  Plaintiff now moves this Court to reconsider its

2004 dismissal of her <u>Burk</u> tort and/or reinstate her <u>Burk</u> tort claim.[2]

## II.

"'The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'

Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or

amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the

judgment pursuant to Fed. R. Civ. P. 60(b)." <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243

(10th Cir. 1991).  If a motion to reconsider is filed within the ten days permitted by Rule 59(e), it

is treated as a motion amending a judgment; if it is filed after the ten day period has elapsed, it is

treated as a motion under Rule 60(b).  <u>Id.</u>  "Rule 60(b) relief is extraordinary and may be granted

only in exceptional circumstances." <u>Beugler v. Burlington N. & Santa Fe Ry. Co.</u>, 490 F.3d

1224, 1229 (10th Cir. 2007) (quotation omitted).  A party may show "exceptional

circumstances" if it can satisfy one or more of the grounds for relief set forth in Rule 60(b).  <u>Van</u>

<u>Skiver</u>, 952 F.2d at 1243-44.  Rule 60(b) provides, in relevant part:

---

[2]     Plaintiff does not specify whether she moves to reinstate her <u>Burk</u> tort claims based on both
        age and gender discrimination, or just based on age discrimination.  However, because
        summary judgment on her gender discrimination claim was affirmed, and both her federal
        and state claims have the same underlying facts, the Court will consider whether to
        reinstated plaintiff's <u>Burk</u> tort claim based on age discrimination only.  <u>See</u> <u>Tatum v. Philip</u>
        <u>Morris Inc.</u>, No. 93-6018, 1993 WL 520983, at *3 (10th Cir. Dec. 14, 1993) (upholding the
        district court's grant of summary judgment on plaintiff's <u>Burk</u> tort claims where the district
        court previously determined that plaintiff's federal discrimination claims were without
        merit); <u>Melton v. Farmers Ins. Group</u>, No. 07-1014, 2008 WL 4899220, at *8 (W.D. Okla.
        Nov. 12, 2008) (plaintiff's <u>Burk</u> tort claim fails for the same reason plaintiff's federal claim
        fails).

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Here, plaintiff's motion was not filed within ten days after entry of the order dismissing her Burk tort claim. Accordingly, a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is untimely. See Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006). Moreover, plaintiff is not entitled to reconsideration under Rule 60(b) because relief pursuant to Rule 60(b) is intended for "exceptional circumstances." See, e.g., United States ex rel. Garibaldi v. Orleans Parish Sch. Bd., 397 F.3d 334, 337 (5th Cir. 2005)(changes in decisional law are not exceptional circumstances under Rule 60(b)); Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 757 (2d Cir. 1986). However, the district court always has the discretion to reopen a non-final order. See Warren v. American Bankers Insurance of Florida, 507 F.3d 1239, 1243 (10th Cir. 2007)("[A] district court always has the inherent power to reconsider its interlocutory rulings . . . ."); Price v. Philpot, 420 F.3d 1158, 1167 (10th Cir. 2005)("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.")(citation omitted). Although plaintiff does not have a viable motion under Rule 59(e) or Rule 60(b), the Court will consider whether to exercise its discretion to reinstate her Burk tort claim.

## III.

Defendant's main argument against reinstatement is that plaintiff's <u>Burk</u> tort claim was raised and rejected on appeal, and thus the law of the case doctrine should apply.  As a general rule, once an issue is decided, it will not be relitigated in the same case.  See <u>Wessel v. City of Albuquerque</u>, 463 F.3d 1138, 1143 (10th Cir. 2006).  District courts are to apply the doctrine of law of the case "unless one of the exceptions specifically and unquestionably applies."  <u>Id.</u> (internal quotation marks and citation omitted).   These exceptions include: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice."  <u>Id.</u> (internal quotation marks and citation omitted).  The law of the case doctrine does not "bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded." <u>Wilmer v. Board of County Com'rs of Leavenworth</u>, 69 F.3d 406, 409 (10th Cir. 1995) (citation omitted).  In <u>Wilmer</u>, the Tenth Circuit stated the law of the case doctrine does not apply where an appellate court affirmed based on waiver, timeliness, or for other procedural deficiencies.  <u>Id.</u> (citations omitted).  Here, the Tenth Circuit determined that plaintiff waived her <u>Burk</u> tort claim by failing to adequately brief the issue, and did not decide the issue on the merits.  Accordingly, the law of the case doctrine does not apply, and the Court may exercise its discretion to reinstate plaintiff's <u>Burk</u> tort, if reinstatement is warranted.

Plaintiff argues that she is entitled to have her <u>Burk</u> tort reinstated because of an intervening change in the controlling law.  In <u>Burk v. K-Mart Corp.</u>, 770 P.2d 24 (Okla. 1989), the Oklahoma Supreme Court recognized a limited exception to the at-will employment doctrine

and permitted a discharged employee to pursue a tort claim if she "is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." Id. at 29. Prior to the Oklahoma Supreme Court's holding in Saint v. Data Exchange, Inc., 145 P.3d 1037 (Okla. 2006), Burk torts were not available to victims of age discrimination because the remedies available under the ADEA were deemed "adequate" to protect the Oklahoma public policy goal. See List v. Anchor Paint Mfg. Co., 910 P.2d 1011, 1014 (Okla. 1996). In Saint, however, the Oklahoma Supreme Court implicitly overruled List, and held that "for remedial purpose, discrimination victims comprise a single class," and therefore equal remedies are required for all such individuals. Saint, 145 P.3d at 1039. Thus, the Oklahoma Supreme Court in Saint held that Burk torts are available to age discrimination victims. Id.

Recently, the Oklahoma Supreme Court revisited the issue of Burk tort claims, and held that the standard is no longer whether the federal or state remedy is "adequate," but whether it is "commensurate"[3] with the remedy provided for similar work-related discrimination. Kruchowski v. Weyerhaeuser Co., 202 P.3d 144, 153 (Okla. 2008). See also Shirazi v. Childtime Learning Center, Inc., No. 106089, 2009 WL 468576, at *2 (Okla. Feb. 24, 2009) (reiterating that the proper inquiry, after Kruchowski, is no longer whether the remedies provided are adequate, but whether they were the same). In Kruchowski, the court confirmed that a plaintiff may pursue a Burk tort claim "when the available remedies to the same class of employment discrimination victims are not uniform and evenhanded – regardless of whether the

[3]     Webster's Dictionary defines "commensurate" as "equal in measure or extent." WEBSTER'S COLLEGIATE DICTIONARY 231 (10th ed. 1994).

remedies originate under Federal or State law." Kruchowski, 202 P.3d at 153.  Similarly, in Shirazi, the Oklahoma Supreme Court reiterated that the proper inquiry, after Kruchowski, is no longer whether the remedies provided are adequate.  Shirazi, 2009 WL 468576, at *2.  Thus, Kruchowski and Shirazi changed only the adequacy requirement; neither decision changed the holding in Saint allowing age discrimination victims to pursue Burk torts.

Plaintiff argues that both Saint and Kruchowski represent an intervening change in the law requiring her Burk tort claim to be reinstated.  Plaintiff is incorrect that Kruchowski represents a change in the law post-Saint.  Kruchowski confirmed that the decision in Saint overruled List and allowed Burk torts for age discrimination victims.  In fact, the Oklahoma Supreme Court stated that its holding in Kruchowski was "pursuant to Saint."  See Kruchowski, 202 P.3d at 154.  Accordingly, Kruchowski merely reinforced the holding in Saint, and does not represent an intervening change in the controlling law.  Similarly, plaintiff argues that the Oklahoma Supreme Court's decision in Shirazi also represents an intervening change in the law since Saint was decided.  However, Shirazi further reinforces that Saint and Kruchowski both allowed age discrimination victims to pursue a Burk tort remedy.  See Shirazi, 2009 WL 468576, at *2.  Thus, Shirazi does not represent an intervening change in law either.

Although plaintiff's argument with respect to Kruchowski and Shirazi is without merit, plaintiff is correct that Saint represents an intervening change in the law from the time her Burk tort was dismissed in 2004.  Moreover, Kruchowski mandated that Saint should be applied retroactively to all cases that were in the litigation pipeline when Saint was decided.  See Kruchowski, 202 P.3d at 153.  Because plaintiff's case was active at the time Saint was decided,

7

the Court finds that plaintiff's case was in the litigation pipeline.  For this reason, and because of the Court's inherent power to reopen its non-final orders, the Court finds that plaintiff should be permitted to proceed with her <u>Burk</u> tort claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration and/or Reinstatement of Wrongful Discharge <u>Burk</u> Tort Claim in Compliance with the Oklahoma Supreme Court's Kurchowski [sic] Directive (Dkt. # 208) is **denied in part** and **granted in part**: it is **denied** as to plaintiff's motion to reconsider, and **granted** as to plaintiff's motion to reinstate her <u>Burk</u> tort claim.  Count Three of the First Amended Complaint filed November 6, 2003 (Dkt. # 2) is hereby **reinstated**.

**DATED** this 17th day of April, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8