# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE K. SANDERS, | ) |
|        Plaintiff, | ) |
| v. | ) Case No. 03-CV-0452-CVE-FHM |
| SOUTHWESTERN BELL TELEPHONE, L.P., | ) |
|        Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Reconsider and Brief in Support Thereof (Dkt. # 220). Defendant argues that the law of the case doctrine should apply to plaintiff's Burk tort claim, and asks the Court to vacate its Opinion and Order (Dkt. # 218). For the reasons set forth below, defendant's motion is denied.

### I.

In 2003, plaintiff filed a complaint and an amended complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. (Title VII), the Age Discrimination in Employment Act (ADEA), and state law Burk tort claims. Dkt. ## 1, 2. On January 28, 2004, the Court dismissed plaintiff's Burk tort claim on the grounds that plaintiff had a federal remedy "which adequately protect[ed] the public policy Oklahoma has against . . . age discrimination." Dkt. # 14, at 3. On September 5, 2006, the Court entered summary judgment in defendant's favor on plaintiff's ADEA claim. Dkt. # 175. Plaintiff appealed the Court's rulings on defendant's motion to dismiss and motion for summary judgment (Dkt. ## 186, 187). In her Statement of Issues Presented for Review, plaintiff argued that since the time

her Burk tort claim was dismissed, the Oklahoma Supreme Court's decision in Saint v. Data Exchange, Inc., 145 P.3d 1037 (Okla. 2006) "clarified the law and adopted the position [plaintiff] set out in [her] Response to the Defendants' Motion to Dismiss." Sanders v. Southwestern Bell Telephone, L.P., 2007 WL 678181, * 3 (Feb. 4, 2007) (Brief of Appellant). Because of the intervening change in the law, plaintiff asked the Tenth Circuit to reinstate her Burk tort claims. Id. Defendant responded to plaintiff's Burk tort argument and asked the Tenth Circuit to deem it waived for inadequate briefing. Sanders v. Southwestern Bell Telephone, L.P., 2007 WL 1379308, * 51 (Apr. 10, 2007) (Brief of Appellee). The Tenth Circuit reversed and remanded plaintiff's ADEA claim. Sanders v. Southwestern Bell Telephone, L.P., 544 F.3d 1101 (10th Cir. 2008). However, the Tenth Circuit held that, while not explicitly abandoned, plaintiff's Burk tort claim was "waived due to inadequate briefing on appeal." Id. at 1104 n.3.

On March 12, 2009, plaintiff filed a motion to reconsider the dismissal of her Burk tort and/or reinstate her Burk tort claim. On April 17, 2009, the Court entered an Opinion and Order denying plaintiff's motion to reconsider, but granting her motion to reinstate her Burk tort claim (Dkt. # 218). Defendant now moves the Court to reconsider plaintiff's motion to reinstate.

## II.

"'The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). If a motion to reconsider is filed within the ten days permitted by Rule 59(e), it is treated as a motion amending a judgment; if it is filed after the ten day period has elapsed, it is

treated as a motion under Rule 60(b).  Id.  Here, plaintiff's motion was filed within ten days after entry of the order dismissing her Burk tort claim.  Accordingly, a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is timely.  See Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006).  A motion to reconsider under Rule 59(e) should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  Id.

### III.

This is now the second time that the Court will consider whether plaintiff should be permitted to proceed with her Burk tort claim.  As an initial matter, even if plaintiff should succeed on both her ADEA and Burk tort claims, she will be permitted to recover on only one of those claims; double recovery is prohibited.  See Shirazi v. Childtime Learning Center, Inc., No. 106089, 2009 WL 468576, at *2 (Okla. Feb. 24, 2009).  Thus, the parties' time and resources would be better utilized preparing for trial.

Nonetheless, defendant contends that the Court erred when it reinstated plaintiff's <u>Burk</u> tort claim based on the law of the case doctrine.[1]  As a general rule, once an issue is decided, it will not be relitigated in the same case.  See <u>Wessel v. City of Albuquerque</u>, 463 F.3d 1138, 1143 (10th Cir. 2006).  District courts are to apply the doctrine of law of the case "unless one of the exceptions specifically and unquestionably applies."  <u>Id.</u> (internal quotation marks and citation omitted).  These exceptions include: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice."  <u>Id.</u> (internal quotation marks and citation omitted).  However, the rule of law of the case is a "flexible one that allows courts to depart from erroneous prior rulings, as the underlying policy of the rule is one of efficiency, . . . , not restraint of judicial power."  <u>Prairie Band Potawatomi Nation v. Wagnon</u>, 476 F.3d 818, 823 (10th Cir. 2007).  The law of the case doctrine does not "bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded."  <u>Wilmer v. Board of County Com'rs of Leavenworth</u>, 69 F.3d 406, 409 (10th Cir. 1995)(citation omitted).  See also <u>Copart, Inc. v. Administrative Review Board, United States Dep't of Labor</u>, 495 F.3d 1197, 1201 (10th Cir.

---

[1]  Defendant contends that plaintiff concedes that law of the case doctrine applies to plaintiff's <u>Burk</u> tort claim.  To support that contention, defendant cites to plaintiff's reply to her own motion to reconsider (Dkt. # 216).  However, plaintiff's reply focuses on the exceptions to the law of the case doctrine, and states that her reply does not take issue with the law of the case doctrine, but does not explicitly "concede" that point. Moreover, in plaintiff's response to this motion (Dkt. # 222), she clearly argues that the law of the case doctrine does not apply.

2007)(citing United States v. Hatter, 532 U.S. 557, 566 (1979) (law of the case "presumes a hearing on the merits).

Defendant argues that the Court erred in relying on Wilmer and determining that plaintiff's Burk tort claim was not decided on the merits and thus should not be precluded on the basis of law of the case.[2] Instead, defendant contends that the Court should have relied upon Concrete Works of Colorado v. Denver, 321 F.3d 950 (10th Cir. 2003).[3] In Concrete Works, the Tenth Circuit held that "a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." Id. at 992. Defendant contends that the facts of Concrete Works are "identical" to the facts in this case. However, in Concrete Works, the issue was "unchallenged" because it was never raised on appeal and was briefly mentioned only in an amicus brief. Here, as defendant is well aware, plaintiff raised the issue of an intervening change in the controlling law and cited to Saint in her Statement of Issues, but failed to include the issue in her arguments section. Defendant, in its appellate brief, addressed plaintiff's Burk

---

[2]     Defendant contends that Wilmer does not apply because the issue in Wilmer was jurisdictional, and jurisdictional issues may always be reexamined without regard to law of the case. However, in Wilmer, the Tenth Circuit explicitly stated that it "did not adopt an all-or-nothing position in either direction, holding that only jurisdictional questions, like other issues, must actually be decided, explicitly or implicitly, before law of the case may be invoked." Wilmer, 69 F.3d at 410 n. 3 (emphasis added).

[3]     Defendant notes that this Court has previously cited to Concrete Works in Hill v. Kemp, 2008 WL 822070 (N.D. Okla. Mar. 26, 2008), and attaches this Court's Opinion and Order to its motion. While the Court cited Concrete Works in Hill v. Kemp, the facts of the cases are distinguishable and the Court does not agree that Concrete Works is controlling here.

tort argument, and argued that the issue should be deemed waived for inadequate briefing. While the Tenth Circuit held that plaintiff's Burk tort argument was waived for inadequate briefing, the Court declines to find that an issue raised on appeal, and responded to by defendant, is "unchallenged" for the purposes of the law of the case doctrine. While there is little guidance available on how to define "unchallenged," subsequent Tenth Circuit cases follow Concrete Works where the issue was not raised at all on appeal, not where it was raised but dismissed on procedural grounds. See, e.g., Haynes Trane Service Agency, Inc. v. American Standard, Inc., 2009 WL 920676, * 14 (10th Cir. Apr. 7, 2009).

The Court finds that the Tenth Circuit's affirmance of the dismissal of plaintiff's Burk tort claim was based on a procedural deficiency in plaintiff's briefing and the issue was never decided on the merits. Accordingly, the Court declines to reconsider its ruling on plaintiff's motion to reinstate, and defendant's motion should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider and Brief in Support Thereof (Dkt. # 220) is **denied**.

**DATED** this 6th day of May, 2009.

_/s/ Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT