IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE K. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03-CV-0452-CVE-FHM |
| | ) |
| SOUTHWESTERN BELL TELEPHONE, L.P., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is a Notice to the Court and Renewal of Motion to Withdraw as Counsel of Record (Dkt. # 252) filed by plaintiff's counsel of record, Rand C. Eddy. Plaintiff originally filed a complaint alleging violations of federal and state law. The Court granted plaintiff's motion to dismiss her federal claim (Dkt. # 241), and plaintiff's motion to dismiss. her state law claim (Dkt. # 245) is pending. This matter is currently set for trial on July 1, 2009. For the reasons set forth below, Mr. Eddy's motion to withdraw as counsel is granted.

**I.**

In 2003, plaintiff filed a complaint and an amended complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. (Title VII), the Age Discrimination in Employment Act (ADEA), and a state law Burk tort[1] claim. Dkt. ## 1, 2. The Court dismissed plaintiff's Burk tort claim (Dkt. # 14), and entered summary judgment in defendant's favor on plaintiff's federal claims (Dkt. # 175). Plaintiff appealed the Court's rulings on defendant's motion to dismiss and motion for summary judgment (Dkt. ## 186, 187).

---

[1] A "Burk" tort claim, referring to the case of Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989), is a state tort claim based on a violation of Oklahoma public policy.

The Tenth Circuit reversed and remanded plaintiff's ADEA claim only. Sanders v. Southwestern Bell Telephone, L.P., 544 F.3d 1101 (10th Cir. 2008). This Court subsequently granted plaintiff's motion to reinstate her Burk tort claim (Dkt. # 218), and her motion to dismiss her federal ADEA claim with prejudice (Dkt.# 241).

On remand, Rand C. Eddy entered an appearance on behalf of plaintiff. Dkt. # 200. However, on May 26, 2009, Mr. Eddy filed a motion to withdraw as counsel. Dkt. # 236. In his motion, Mr. Eddy stated that plaintiff had terminated his services and no longer wished to have Mr. Eddy represent her in this matter. Id. A pretrial conference was held on June 1, 2009, and Mr. Eddy informed the Court that he was retained to obtain a dismissal without prejudice so plaintiff could "file [the case] in state court." Dkt. # 251, at 21. In state court, plaintiff would be represented by Christopher Camp, a former associate of plaintiff's first attorney in this matter, Kay Bridger-Riley. The Court reminded plaintiff that Ms. Bridger-Riley is not permitted to practice in this Court, and plaintiff represented that she is not currently receiving advice from Ms. Bridger-Riley. The Court took Mr. Eddy's motion to withdraw under advisement, and directed him to appear at a settlement conference on June 4, 2009. The Court also permitted plaintiff to have Mr. Camp enter an appearance and attend the settlement conference. Plaintiff was directed to file a notice on June 5, 2009, stating which attorney would represent her going forward.

On June 5, 2009, plaintiff filed a notice stating her objection to Mr. Eddy's motion to withdraw, and that she "continues to limit his representation to effectuating the dismissal without prejudice of Plaintiff's remaining state law Burk claim." Dkt. # 244. Mr. Eddy now renews his motion to withdraw.

**II.**

In this district, an attorney shall not withdraw from a case except upon reasonable notice to the client and all other parties who have appeared in the case and by leave of the judge to whom the case is assigned. LCvR 83.5. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion." Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). Generally, district courts consider whether the case will be disrupted by the withdrawal of counsel; however, there are some situations in which an attorney will be permitted to withdraw even if it results in disruption. See Whiting v. Lacara, 187 F.3d 317, 321 (2d Cir. 1999). See, e.g., Washington, 694 F.2d at 1088 (holding that the district court did not abuse its discretion in granting counsel's motion to withdraw where communication had deteriorated between attorney and client). If a district court grants an attorney's motion to withdraw, plaintiff may be required to proceed to trial without a continuance. See id. (noting that the case had been pending for over three years and it was reasonable for the district court to determine that no further delay of the trial would be tolerated).

**III.**

Mr. Eddy wishes to withdraw as counsel for the following reasons:

"(1) Plaintiff has terminated counsel's service with regarding to [sic] preparation for and representation at trial; (2) Plaintiff has not provided counsel with documents and information essential and necessary for the preparation of Plaintiff's portion of the Pretrial Order; (3) Plaintiff insists on taking action with which the undersigned has a fundamental disagreement; [and] (4) Plaintiff has other counsel and does not need the undersigned's advise and counsel."

Dkt. # 252. Plaintiff has clearly made it impossible for Mr. Eddy to continue to represent her. Plaintiff is not cooperating with Mr. Eddy's efforts to prepare for the upcoming trial. She has

not provided Mr. Eddy with the documents necessary to prepare and submit a joint pretrial order, despite the fact that the Court has directed the parties to submit their pretrial order no later than June 17, 2009. Moreover, although Mr. Eddy is the only counsel of record and despite plaintiff's representations to the contrary, it appears that plaintiff is relying on the advice of an attorney who has not entered an appearance on her behalf. Accordingly, there appears to be a breakdown in the attorney-client relationship such that Mr. Eddy can no longer effectively represent plaintiff. The Court finds that Mr. Eddy should be permitted to withdraw from this representation.

Once Mr. Eddy has withdrawn from this matter, plaintiff will have two options: she may proceed pro se or she may elect to be represented by Mr. Camp or another attorney admitted to practice before this Court. Plaintiff is cautioned, however, that no deadlines will be extended and no continuance will be granted. Plaintiff is further directed to comply with each and every order of this Court, including the preparation and submission of a joint pretrial order due June 17, 2009. Unless plaintiff's pending motion to dismiss her Burk tort claim is granted, the non-jury trial will proceed as scheduled on July 1, 2009.

**IT IS THEREFORE ORDERED** that the Notice to the Court and Renewal of Motion to Withdraw as Counsel of Record (Dkt. # 252) filed by plaintiff's counsel of record, Rand C. Eddy, is **granted**, and the previous motion (Dkt. # 236) is **moot**.

**IT IS FURTHER ORDERED** that plaintiff will either enter her appearance to proceed pro se or have replacement counsel enter an appearance on her behalf by June 17, 2009.

**IT IS FURTHER ORDERED** that, unless plaintiff's pending motion to dismiss her Burk tort claim is granted, the non-jury trial will proceed as scheduled on July 1, 2009.

4

**IT IS FURTHER ORDERED** that plaintiff is directed to comply with all pretrial orders and must participate in the preparation of the joint pretrial order.

**IT IS FURTHER ORDERED** that counsel Rand Eddy immediately deliver a copy of this Order to plaintiff.

**DATED** this 16th day of June, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT