IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE K. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                              ) | Case No. 03-CV-0452-CVE-FHM |
| ) | |
| SOUTHWESTERN BELL TELEPHONE, ) | |
| L.P., ) | |
| ) | |
| Defendant.        ) | |

**OPINION AND ORDER**

Before the Court is plaintiff's motion to dismiss (Dkt. # 245). Plaintiff originally filed a complaint alleging violations of federal and state law. The Court recently granted plaintiff's motion to dismiss her only remaining federal claim with prejudice. Dkt. # 241. Plaintiff now moves to dismiss, without prejudice, her state law claim as well. Defendant did not object to the dismissal of plaintiff's federal claim, but objects to the dismissal of plaintiff's state law claim. This matter is currently set for a non-jury trial on July 1, 2009. For the reasons set forth below, plaintiff's motion to dismiss her state law claim is denied.

**I.**

In 2003, plaintiff filed a complaint and an amended complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. (Title VII), the Age Discrimination in Employment Act (ADEA), and state law Burk tort[1] claim. Dkt. ## 1, 2. On January 28, 2004, the Court dismissed plaintiff's Burk tort claim on the grounds that plaintiff had a federal remedy "which adequately protect[ed] the public policy Oklahoma has against . . .

---

[1] A "Burk" tort claim, referring to the case of Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989), is a state tort claim based on a violation of Oklahoma public policy.

age discrimination." Dkt. # 14, at 3. On September 5, 2006, the Court entered summary judgment in defendant's favor on plaintiff's federal claims. Dkt. # 175. Plaintiff appealed the Court's rulings on defendant's motion to dismiss and motion for summary judgment (Dkt. ## 186, 187). The Tenth Circuit reversed and remanded the summary judgment only as to plaintiff's ADEA claim. Sanders v. Southwestern Bell Telephone, L.P., 544 F.3d 1101 (10th Cir. 2008). However, the Tenth Circuit held that, while not explicitly abandoned, plaintiff's Burk tort claim was "waived due to inadequate briefing on appeal." Id. at 1104 n.3. On March 12, 2009, plaintiff filed a motion to reconsider the dismissal of her Burk tort and/or reinstate her Burk tort claim. On April 17, 2009, the Court denied plaintiff's motion to reconsider, but granted her motion to reinstate her Burk tort claim (Dkt. # 218). On May 6, 2009, the Court denied defendant's motion to reconsider the reinstatement of plaintiff's Burk tort. Dkt. # 224.

On May 19, 2009, plaintiff filed a motion to dismiss her ADEA claim. Dkt. # 233. Defendant did not oppose the motion to the extent that plaintiff's ADEA claim would be dismissed with prejudice. Dkt. # 235. The Court granted plaintiff's motion to dismiss her ADEA claim with prejudice. Dkt. # 241. Plaintiff now moves the Court to dismiss, without prejudice, her Burk tort claim. Defendant opposes plaintiff's motion and has informed the Court that, if plaintiff's motion to dismiss is granted and plaintiff re-files her case in state court, defendant will remove the case to this Court.

## II.

Plaintiff's motion to dismiss raises two distinct issues: voluntary dismissal and the district court's discretion to exercise supplemental jurisdiction over a state law claim when a federal claim has been dismissed. With regard to voluntary dismissal, unless the plaintiff seeks

to dismiss an action before the defendant files an answer or all parties stipulate to dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of Fed. R. Civ. P. 41(a)(2) is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005) (citations omitted); Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (quotation omitted). Among the factors to be considered when deciding whether to grant a motion for voluntary dismissal are: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). These factors need not all be resolved in favor of the moving party for dismissal to be appropriate; likewise, they need not all be resolved in favor of the party opposing the motion to dismiss. See United States v. Outboard Marine Corp., 789 F.2d 497, 502 (7th 1986).

With regard to supplemental jurisdiction, under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." See also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."); United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1220 (10th Cir. 2000) ("Once federal question jurisdiction exists, it is within the trial court's discretion to exercise supplemental jurisdiction over those state law claims that derive from a common nucleus of facts."). A district court deciding whether to exercise supplemental

jurisdiction should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction." Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (citing Thatcher Enter. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)). See also Gold v. Local 7 United Food and Commercial Workers Union, 159 F.3d 1307, 1310 (10th Cir. 1998) ("Section 1367 reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."). The Tenth Circuit has "suggested that it is appropriate, perhaps even advisable, for a district court to retain supplemented state claims after dismissing all federal questions when the parties have already expended a great deal of time and energy on the state law claims." United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002). However, absent such a showing, the district court should "normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." Id.

**III.**

Although there are two distinct issues with distinct standards, because the same factors are essential to each determination, the Court will address both voluntary dismissal and supplemental jurisdiction jointly. Defendant contends that all of the factors articulated by the Tenth Circuit for the denial of voluntary dismissal and the exercise of supplemental jurisdiction favor the denial of plaintiff's motion to dismiss and the Court's exercise of discretion to retain jurisdiction over plaintiff's state law claim.

As an initial matter, this case is well beyond the early stages of litigation, and the parties have spent an inordinate amount of time litigating plaintiff's claims in this Court. To review, six years ago (2003) plaintiff elected to file her federal and state law claims in this Court. She also waived her right to a jury. In 2004, defendant filed a motion to dismiss plaintiff's state law claim, which was granted based on Oklahoma law at the time the motion was filed. Plaintiff raised the dismissal of her state law claim on appeal based on an intervening change in the state law, but failed to adequately brief the issue and it was deemed waived. On remand, plaintiff filed a motion to reinstate her state law claim, which was granted over vigorous objection. Defendant then filed a motion to reconsider the reinstatement of plaintiff's state law claim, which was denied. All pretrial proceedings, including an extensive discovery period[2] and numerous pretrial motions, have been completed, and trial is less than two weeks away. Clearly, the parties have invested significant time and resources litigating plaintiff's claims in this Court. Accordingly, this is a case where it is appropriate for a district court to retain jurisdiction over a state law claim.

Another factor to consider is plaintiff's explanation for wanting to dismiss her claim. Here, plaintiff fails to provide a sufficient explanation for her need to dismiss her state law claim. In her motion, she appears to argue that this Court should not retain jurisdiction over her Burk tort claim because it presents a novel and complex issue of state law. However, it is clear from plaintiff's motion to dismiss her ADEA claim (Dkt. # 239) and from the pretrial conference held in this matter that plaintiff has filed this motion in order to avoid her earlier waiver of trial

---

[2]  The Court notes that discovery related to the federal ADEA claim would relate equally to plaintiff's Burk tort claim based on alleged age discrimination.

by jury and so she can be represented in state court by her former attorney, Kay Bridger-Riley.[3] Although plaintiff denied any intention to "forum shop," she has repeatedly asserted her wish to have a "jury of her peers" and to be represented by the "attorney of her choice." By filing a motion to dismiss, plaintiff is manipulating the process to proceed how and where she would like. This Court can consider plaintiff's use of manipulative tactics when deciding whether to exercise supplemental jurisdiction over a plaintiff's state law claim. See New Mexico v. General Elec. Co., 467 F.3d 1223, 1242 n.29 (10th Cir. 2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)).

Even if plaintiff had no intent to forum shop or engage in manipulative tactics, Burk torts are not novel or complex and, thus, plaintiff's explanation for her motion to dismiss is insufficient. A Burk tort simply provides a different remedy for the same underlying set of facts as a federal discrimination claim. See Tatum v. Philip Morris Inc., No. 93-6018, 1993 WL 520983, at *3 (10th Cir. Dec. 14, 1993) (upholding the district court's grant of summary judgment on plaintiff's Burk tort claims where the district court previously determined that plaintiff's federal discrimination claims were without merit); Melton v. Farmers Ins. Group, No. 07-1014, 2008 WL 4899220, at *8 (W.D. Okla. Nov. 12, 2008) (plaintiff's Burk tort claim fails for the same reason plaintiff's federal claim fails). Moreover, plaintiff did not appear to find her Burk tort claim too novel or complex for this Court when, on March 12, 2009, she filed a motion to have her Burk tort reinstated. Thus, plaintiff's suggestion that this Court is not capable of hearing her Burk tort claim is inconsistent at best, and disingenuous at worst. Plaintiff's insufficient explanation favors the denial of her motion to dismiss.

---

[3]   Ms. Bridger-Riley is no longer a member of this Court.

Furthermore, with regard to judicial economy and convenience, this matter has been before the Court for the past six years. The Court is intimately familiar with all of the facts of this case. Should plaintiff's motion be granted and this case re-filed in state court, another judge would be required to expend substantial time and effort to become familiar with this case. The defendant has already informed the Court that if this case is dismissed and re-filed in state court, defendant will remove it to this Court, where the case will be reassigned to the undersigned. Thus, an attempted move to state court would amount to a massive waste of time and resources. Accordingly, in the interest of judicial economy, this Court is clearly within its discretion to deny plaintiff's motion to dismiss and retain supplemental jurisdiction over plaintiff's state law claim.

Finally, it is not unfair to require plaintiff to litigate her state law claim in this Court. When she first filed her case six years ago, plaintiff chose to file in this Court, not in state court. There is nothing to suggest that any of plaintiff's substantive rights will be impacted by requiring her to remain in the Court. It would, however, be unfair to the defendant if it were required to incur further cost by starting over in state court. The defendant has expended substantial time and significant resources defending this matter in federal court and, accordingly, considerations of fairness favor the denial of voluntary dismissal and the exercise of supplemental jurisdiction.

In sum, viewing all of the factors, defendant would suffer legal prejudice if plaintiff's motion for voluntary dismissal is granted. We are currently on the eve of trial, and defendant has expended significant resources in preparing for trial. Plaintiff's explanation for seeking dismissal at this time is not only insufficient, but amounts to forum shopping. With regard to supplemental jurisdiction, by also viewing all of the factors together, the Court may properly

exercise supplemental jurisdiction over plaintiff's state law claim. To date, there have been extensive pretrial proceedings, and it would be a waste of judicial resources to dismiss plaintiff's state law claim only to have it removed to this Court. Moreover, the case is ready for trial, and it would be more convenient to try the case here and now. Most importantly, for all of the reasons stated above, it would be unfair to defendant not to retain supplemental jurisdiction. See Anglemyer, 58 F.3d at 541. Accordingly, plaintiff's motion to dismiss is denied.

## IV.

Since this motion was filed, plaintiff filed a letter (Dkt. # 258), which the Court construed as a motion for an extension of time. Over defendant's objection, plaintiff was granted an extension of time to enter an appearance pro se or cause replacement counsel to enter an appearance on her behalf, and to participate in the preparation and submission of a joint pretrial order. Plaintiff was also given extra time to file a reply brief. To date, plaintiff has failed to comply with the Court's orders and has refused to respond to defendant's attempts to contact her (Dkt. # 267); plaintiff did not participate in the submission of a joint pretrial order, nor did she enter an appearance pro se or cause replacement counsel to enter an appearance on her behalf. Defendant has filed a motion requesting a pretrial conference (Dkt. # 256). Defendant's motion is **granted**, and a pretrial conference will be held on **Monday, June 29, 2009 at 9:30 a.m.** Plaintiff is directed to attend the pretrial conference; failure to attend may lead to sanctions, including dismissal **with prejudice** of her claim.

**IT IS THEREFORE ORDERED** plaintiff's motion to dismiss (Dkt. # 245) is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion for a pretrial conference (Dkt. # 256) is **granted,** and a pretrial conference will be held on **Monday, June 29, 2009 at 9:30 a.m.**

**IT IS FURTHER ORDERED** that the non-jury trial will proceed as scheduled on **July 1, 2009.**

**DATED** this 23rd day of June, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT