UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMIE K. SANDERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 03-CV-0452-CVE-FHM |
| ) | |
| **SOUTHWESTERN BELL TELEPHONE, L.P.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Bifurcate (Dkt. # 317). Defendant requests that the Court bifurcate the liability and damages phases of the non-jury trial set for August 13, 2009. Plaintiff objects to defendant's motion.

Pursuant to Federal Rule of Civil Procedure 42(b), a district court, "to expedite and economize . . . may order a separate trial of one or more separate issues . . . ." Fed. R. Civ. P. 42(b). A district court has broad discretion in deciding whether to bifurcate issues for trial. See Easton v. City of Boulder, Colo., 776 F.2d 1441, 1447 (10th Cir. 1985). Defendant contends that bifurcation in this case will promote the interest of judicial economy. Separate trials on liability and damages would permit the parties to focus on one issue at a time and would avoid potentially unnecessary evidence and testimony as to damages. Plaintiff argues that bifurcating the trial would be prejudicial to plaintiff as it would give defendant additional time to prepare for the damages phase, and it would force plaintiff to testify in two separate trials. Plaintiff contends that she is suffering from severe stress, and it would be burdensome to require her to testify multiple times.

The Court finds that bifurcating the trial would promote judicial economy and, accordingly, defendant's motion is granted. However, plaintiff only is permitted to testify as to liability and damages during the liability phase, should she so choose, so that she can avoiding testifying more than once.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Bifurcate (Dkt. # 317) is granted. At the non-jury trial set for August 13, 2009, the parties are directed to offer evidence relating to liability only.

**IT IS FURTHER ORDERED** that plaintiff, Jamie K. Sanders, may testify as to liability and damages, if she so chooses.

**DATED** this 12th day of August, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT